Neil B. Wolin v. Palmetto State Armory LLC

# EXHIBIT A
# NOTICE OF REMOVAL

# STATE COURT PLEADINGS

ELECTRONICALLY FILED - 2024 Nov 18 9:04 AM - LEXINGTON - COMMON PLEAS - CASE#2024CP3204799

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF LEXINGTON | ) | |
| | ) | |
| | ) | Case No. 2024-CP-__-_____ |
| Neil B. Wolin, | ) | |
| | ) | |
| Plaintiff, | ) | **SUMMONS** |
| | ) | **(JURY TRIAL DEMANDED)** |
| v. | ) | |
| | ) | |
| Palmetto State Armory, LLC | ) | |
| Defendant. | ) | |
| | ) | |

**TO THE DEFENDANT ABOVE-NAMED:**

You are hereby summoned and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to same upon the subscribed at 207 Whitsett Street, Greenville, South Carolina, 29601 within thirty (30) days after the service of same, exclusive of the day of such service. If you fail to answer same within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

Respectfully submitted,

**ARNOLD LAW FIRM, LLC**

By: __s/Brian E. Arnold_____
BRIAN E. ARNOLD
S.C. Bar No. 16839
207 Whitsett Street
Greenville, South Carolina 29601
(864) 242-2427

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | COURT OF COMMON PLEAS |
| COUNTY OF LEXINGTON ) | |
| ) | |
| Neil B. Wolin, ) | Case No. 2024-CP-__-_____ |
| Plaintiff, ) | **COMPLAINT** |
| ) | **(JURY TRIAL DEMANDED)** |
| v. ) | |
| Palmetto State Armory, LLC ) | |
| Defendant. ) | |

COMES NOW Plaintiff, Neil B. Wolin, by and through his counsel, Brian E. Arnold, and files this Complaint as follows:

1. This action is brought pursuant to the Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which provides relief against religious discrimination and retaliatory employment practices.

2. Plaintiff, a Jewish male, is a resident of South Carolina and had previously worked for Defendant. Defendant is a domestic entity located at 2121 Old Dunbar Road, West Columbia, South Carolina 29172, Lexington County, which was the location of Plaintiff's employment.

3. Plaintiff was fired on May 4, 2024 from his job as a Social Media Coordinator for Defendant, just three weeks after he reported the harassment he had been enduring from his co-workers, when on work trips, because he is Jewish.

4. Plaintiff recalls immediately after his employee onboarding orientation, Cameron Tapler, the manager who ultimately terminated him, massaged Plaintiff's shoulders and said

2

"forget everything you learned in orientation." This is the first of many signs that Defendant had a pervasive culture that discouraged reporting of harassment and discrimination.

5. It was well known in the workplace that Plaintiff was Jewish. On one occasion, in a group text, Mr. Tapler taunted Plaintiff on the topic of Adam Sandler and Hannukka. On this group text was Plaintiff's then manager, Logan Richardson. Mr. Tapler, post Plaintiff's termination, has claimed to the EEOC many falsehoods, one being that he was unaware that Plaintiff was Jewish.

6. The antisemitism Plaintiff endured while working for Defendant was constant. When Plaintiff would travel on work trips with his co-workers, typically over several days, some of these co-workers would harass and verbally abuse him by saying demeaning things to him because he is Jewish, including, but not limited to, (1) he is cheap, (2) he is ugly because of his Jewish blood, (3) he would fit in an ashtray, (4) he should get nervous when he walks by an oven, (5) he should not have been hired, and (6) he should kill himself.

7. As upsetting as these comments and hatred were for Plaintiff, he simply wanted to be left alone. The abuse was certainly severe and pervasive.

8. Plaintiff's supervisor, as well as others in management, personally witnessed some of this harassing and abusive behavior but refused to take any action to stop the harassment.

9. In fact, on one occasion, Plaintiff spoke to the Social Media Manager of Defendant that Plaintiff wanted to report his supervisor and other co-workers to Human Resources for engaging in and being a party to the antisemitic harassment. However, this manager advised Plaintiff not to report it, as he felt it would lead to Plaintiff's firing.

10. The harassment continued from January 2023 until Plaintiff was terminated in May 2024. The harassment was so hostile and affected Plaintiff so emotionally that he finally had

enough and called a co-worker an expletive in response to general taunting. However, Plaintiff was not terminated until he offically reported the discriminatory harassment, which Defendant already knew about, to Mr. Tapler. Mr. Tapler had recently become Plaintiff's supervisor.

11. Within 3 weeks of Plaintiff making this report of discriminatory harassment, Plaintiff was targeted by Mr. Tapler. Mr. Tapler reduced Plaintiff's role and started submitting false reports about alleged comments that Plaintiff allegedly made regarding someone named Chris. When Plaintiff was terminated, he was given pretextual reasons to coverup for the real motives of Defendant of Plaintiff being Jewish and his reporting the already known harassment. The reasons given by Defendant for Plaintiff's termination have changed over time, from the date of his termination, to the reasons given to the unemployment office, to the reasons and justifications given to the EEOC.

12. Plaintiff was harassed because he is Jewish and a hostile environment was created due to the severe and pervasive harassment he received from his co-workers that Defendant failed to remedy. Plaintiff was then terminated because he is Jewish and in retaliation for formally reporting the harassment.

13. This action is filed within 90 days from the date of receipt of this Notice of Right to Sue from EEOC. Defendant is a covered employer as defined under the applicable laws.

**FOR FIRST A CAUSE OF ACTION**
**DISCRIMINATION/RETALIATION**

14. Plaintiff incorporates by reference paragraphs 1 though 13 to the extent not inconsistent with the allegations contained in this First Cause of Action.

15. Plaintiff was qualified for his position and performed his job satisfactorily. Plaintiff is Jewish and engaged in protected activity under Title VII.

16. Defendant terminated Plaintiff for false and pretextual reasons to cover up for its real reasons and motivations of Plaintiff being Jewish and his good-faith reporting of the harassment he endured over a year's period because he is Jewish.

17. Such discrimination and retaliation were intentional and willful.

18. As a result of such conduct, Plaintiff has suffered loss of income, humiliation, loss of reputation and other special and general damages.

**WHEREFORE**, Plaintiff respectfully requests a trial by jury and that this Court enter judgment in his favor and against the Defendant as follows:

(a) For actual damages as proven to the trier of fact, including compensation for emotional distress, pain and suffering, loss of enjoyment, lost wages (back and front pay), loss benefits and mental anguish;

(b) For special damages including the loss of professional and personal reputation;

(c) For punitive damages for Defendants' malicious intentional acts;

(d) For costs of suit, including Plaintiff's reasonable attorney's fees; and

(e) such other and further relief as this Court deems just and equitable

## FOR A SECOND CAUSE OF ACTION
## HARASSMENT

19. Plaintiff incorporates by reference paragraphs 1 though 18 to the extent not inconsistent with the allegations contained in this Second Cause of Action.

20. Plaintiff was an employee entitled to the protections of Title VII. While employed by Defendant, Plaintiff was harassed in a severe and pervasive manner because he is Jewish and such harassment created a hostie environment.

5

21. Despite Defendant being aware of the harassment Plaintiff was enduring, it allowed the harassment to continue over a long period. Plaintiff was discouraged from reporting the harassment himself and when he did report it, Defendant's solution was to terminate him. Plaintiff was forced to endure such hostile environment until his termination.

22. Such harassment and discrimination were because Plaintiff is Jewish, was intentional and in willful disregard of the rights of Plaintiff.

23. As a result of such harassment, Plaintiff suffered emotional distress and other special and general damages.

WHEREFORE, Plaintiff respectfully requests a trial by jury on his claims and that he be granted the following relief:

(a) For actual damages as proven to the trier of fact, including compensation for emotional distress, pain and suffering, loss of enjoyment, and mental anguish;

(b) For special damages including the loss of professional and personal reputation;

(c) For costs of suit, including Plaintiff's reasonable attorney's fees; and

(d) such other and further relief as this Court deems just and equitable.

Dated this the 13th day of November, 2024.

    Respectfully submitted,

    **ARNOLD LAW FIRM, LLC**


    By:__s/Brian E. Arnold_____
        Brian E. Arnold
        SC I.D. No. 16839
        Attorney for the Plaintiff
        207 Whitsett Street
        Greenville, South Carolina 29601
        (864) 242-2427

ELECTRONICALLY FILED - 2024 Nov 18 9:04 AM - LEXINGTON - COMMON PLEAS - CASE#2024CP3204799

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF LEXINGTON ) | |
| ) | |
| ) | Case No. 2024-CP-32-4799 |
| Neil B. Wolin, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ACCEPTANCE OF SERVICE** |
| v. ) | |
| ) | |
| Palmetto State Armory, LLC ) | |
| Defendant. ) | |
| ) | |

I, Chandler E. Aragona, hereby declare that I am an authorized person to accept service, and due hereby accept due and legal service of the SUMMONS AND COMPLAINT in the above-captioned case on behalf of Defendant and retain a copy of the same this the 21st Day of November and further declare that service herein is proper and sufficient.

*Chandler Aragona*
Chandler E. Aragona
Attorney for Defendant