IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Neil B. Wolin,<br><br>        Plaintiff,<br><br>v.<br><br>Palmetto State Armory LLC,<br><br>        Defendant. | Civil Action No.: 3:24-cv-07138-MGL-TER<br><br>**ANSWER** |

Palmetto State Armory LLC ("PSA" or "Defendant"), hereby responds to the numbered paragraphs of Plaintiff's Complaint as follows:

## GENERAL DENIAL

Defendant denies each and every allegation of the Complaint not hereinafter specifically admitted, modified or otherwise explained.

## RESPONSE TO NUMBERED PARAGRAPHS

1. As to Paragraph 1 of the Complaint, Defendant admits that Plaintiff has brought claims pursuant to Title VII of the Civil Rights Act but denies that there has been any violation of any federal, state, or local statute or the common law, and demands strict proof thereof.

2. Upon information and belief, Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff's employment was terminated on May 4, 2024 but otherwise denies the remaining allegations in Paragraph 3 of the Complaint and demands strict proof thereof.

4. Defendant denies the allegations in Paragraph 4 of the Complaint and demands strict proof thereof.

55879933 v1

5. Defendant denies as pled the allegations in Paragraph 5 of the Complaint and demands strict proof thereof.

6. Defendant denies the allegations in Paragraph 6 of the Complaint and demands strict proof thereof.

7. Defendant denies the allegations in Paragraph 7 of the Complaint and demands strict proof thereof.

8. Defendant denies the allegations in Paragraph 8 of the Complaint and demands strict proof thereof.

9. Defendant denies the allegations in Paragraph 9 of the Complaint and demands strict proof thereof.

10. Defendant admits that Plaintiff loudly called his coworker a p**** in relation to his coworker's mental health struggles and for attending therapy. As a result, Plaintiff's coworker submitted a formal complaint to Defendant's Human Resources Department. At the time Plaintiff made fun of his coworker for mental health issues, he (Plaintiff) was on a final written warning for sending inappropriate and harassing text messages to one of Defendant's vendors. Defendant terminated Plaintiff as a result of his inappropriate and unprofessional behavior toward his co-worker – calling him a p**** for seeking mental health treatment. *See* Exhibit A. Plaintiff admitted to calling his coworker a p****. Defendant denies that Plaintiff ever complained about harassment based on a protected characteristic and otherwise denies the remaining allegations contained in Paragraph 10 of the Complaint and demands strict proof thereof.

11. Defendant denies the allegations in Paragraph 11 of the Complaint and demands strict proof thereof.

12. Defendant denies the allegations in Paragraph 12 of the Complaint and demands strict proof thereof.

13. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint regarding the date Plaintiff received the Notice of Right to Sue and must therefore deny the same. Defendant admits that it is a covered employer under applicable law but denies that there has been any violation of state or federal law or local ordinance and demands strict proof thereof.

**FIRST CAUSE OF ACTION**
**(Discrimination/Retaliation)**

14. In response to the allegations in Paragraph 14 of the Complaint, Defendant repeats, realleges, and reasserts paragraphs 1-13 as if fully set forth herein verbatim.

15. Defendant admits that Plaintiff was qualified for his role as social media coordinator, and upon information and belief, Defendant admits that Plaintiff is Jewish but Defendant otherwise denies the remaining allegations contained in Paragraph 15 of the Complaint and demands strict proof thereof.

16. Defendant denies the allegations in Paragraph 16 of the Complaint and demands strict proof thereof.

17. Defendant denies the allegations in Paragraph 17 of the Complaint and demands strict proof thereof.

18. Defendant denies the allegations in Paragraph 18 of the Complaint and demands strict proof thereof. Defendant further denies that Plaintiff is entitled to the relief requested in the Paragraph beginning with, "Wherefore," immediately following Paragraph 18 and its subparts (a) – (e) and demands strict proof thereof.

**SECOND CAUSE OF ACTION**
**(Harassment)**

19. In response to the allegations in Paragraph 19 of the Complaint, the Defendant repeats, realleges, and reasserts paragraphs 1-18 as if fully set forth herein verbatim.

20. Defendant admits Plaintiff was an employee entitled to the protections of Title VII, but denies the remaining allegations in Paragraph 20 and demands strict proof thereof.

21. Defendant admits that it employed Plaintiff but otherwise denies the remaining allegations contained in Paragraph 21 of the Complaint and demands strict proof thereof.

22. Defendant denies the allegations in Paragraph 22 of the Complaint and demands strict proof thereof.

23. Defendant denies the allegations in Paragraph 23 of the Complaint and demands strict proof thereof. Defendant further denies that Plaintiff is entitled to the relief requested in the Paragraph beginning with, "Wherefore," immediately following Paragraph 23 and its subparts (a) – (d) and demands strict proof thereof.

## FIRST DEFENSE

Plaintiff's claims are barred to the extent they exceed the allegations set forth in the Charge of Discrimination.

## SECOND DEFENSE

Defendant did not act intentionally, willfully, wantonly, recklessly, maliciously, or in any other manner that would support an award of punitive damages.

## THIRD DEFENSE

Plaintiff's claims are subject to applicable statutory caps.

## FOURTH DEFENSE

Defendant's actions at all times complied with all applicable law.

## FIFTH DEFENSE

To the extent that Plaintiff caused or contributed to his alleged injuries or was damaged by his own improper or unsatisfactory conduct, he is barred from relief.

**SIXTH DEFENSE**

Even if Plaintiff could prove that the matters alleged in the Complaint were improper factors in any employment decisions he challenges (all of which Defendant denies), Plaintiff's damages were caused, in whole or in part, by sources other than Defendant's alleged actions. Therefore, all such damages are either barred in their entirety or subject to apportionment.

**SEVENTH DEFENSE**

At all times throughout its employment of Plaintiff, Defendant acted in good faith and satisfied all of its statutory, constitutional, common-law, and ethical obligations.

**EIGHTH DEFENSE**

To the extent Plaintiff has unclean hands, he is barred from seeking relief from this Court.

**NINTH DEFENSE**

Defendant denies that it is required to respond to allegations in the Complaint that are merely legal conclusions.

**TENTH DEFENSE**

Plaintiff has failed to allege facts sufficient to support an award of attorney's fees.

**ELEVENTH DEFENSE**

At all times throughout its employment of Plaintiff, Defendant maintained specific policies proscribing any form of discrimination, harassment, and retaliation, and it fully complied with these policies at all times.

**TWELFTH DEFENSE**

The Plaintiff's allegations in his filing of this Civil Action are frivolous, unreasonable and without foundation and have been made and done in bad faith.

**THIRTEENTH DEFENSE**

Defendant reserves the right to assert additional defenses to include but not be limited to the right to assert the after-acquired evidence defense should they discover evidence during the course of this civil action that would otherwise justify any act or omission challenged in this lawsuit or preclude Plaintiff from recovering damages.

**FOURTEENTH DEFENSE**

Plaintiff is ineligible and/or not entitled to any relief because he failed to follow Defendant's policies.

**FIFTEENTH DEFENSE**

Defendant's actions were based on reasonable non-discriminatory factors. Defendant did not take any action against Plaintiff on the basis of his religion or any protected activity.

**SIXTEENTH DEFENSE**

Plaintiff never engaged in a protected activity pursuant to Title VII of the Civil Rights Act.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent he has failed to mitigate any damages.

**EIGHTEENTH DEFENSE**

Defendant exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to timely take advantage of any preventive or corrective opportunities.

**NINETEENTH DEFENSE**

To the extent Plaintiff has unclean hands, he is barred from seeking relief from this Court.

## TWENTIETH DEFENSE

The Complaint fails in whole or in part to state a claim upon which relief can be granted.

## TWENTY-FIRST DEFENSE

At all relevant times Plaintiff was an at-will employee of Defendant.

**WHEREFORE**, Defendant prays that the Court:

1. Enter judgment for Defendant and dismiss the Complaint with prejudice;
2. Deny all relief that Plaintiff requests;
3. Award Defendant its costs and attorney's fees to the extent allowed by law; and
4. Grant Defendant any further relief that the Court determines is just and equitable.

Dated this 10th day of December, 2024.

Respectfully submitted,

s/ *Chandler E. Aragona*
Richard J. Morgan (Fed. ID No. 1266)
rmorgan@burr.com
Chandler E. Aragona (Fed. ID No. 13561)
caragona@burr.com
Burr & Forman LLP
1221 Main St., Suite 1800 (29201)
P.O. Box 11390 (29211)
Columbia, South Carolina
803.799.9800

Attorneys for Defendant