IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Neil B. Wolin,<br><br>            Plaintiff,<br><br>v.<br><br>Palmetto State Armory LLC,<br><br>            Defendant. | Civil Action No.: 3:24-cv-07138-MGL-TER<br><br>**DEFENDANT'S ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES** |

Palmetto State Armory LLC ("PSA" or "Defendant"), submits these answers to the Local Rule 26.03 Interrogatories:

**(1)    A short statement of the facts of the case.**

PSA hired Plaintiff Neil B. Wolin, on October 4, 2022 as a Social Media Coordinator. Shortly after his employment with PSA began, on January 24, 2023, Plaintiff was placed on a final written warning for sending harassing and threatening text messages to a PSA vendor at 3:30 a.m. the previous morning. Plaintiff acknowledged his conduct and signed the final written warning when it was presented to him.

On April 14, 2024, Plaintiff informed his supervisor, Cameron Tapler, that his co-worker, Brent Prosser had been verbally harassing him during their recent work-related travel. Specifically, Plaintiff stated that Prosser told Plaintiff he should kill himself. In making this complaint to Tapler, Plaintiff made no mention of his (Plaintiff's) Jewish religious affiliation. Plaintiff was adamant that he did not wish to report Prosser's statement to PSA Human Resources. Tapler nevertheless informed PSA Human Resources of Plaintiff's complaint. Tapler then held a meeting with both Prosser and Plaintiff to discuss Plaintiff's complaint. During this meeting, Prosser denied making

the alleged statement.[1] In any event, Tapler prohibited Prosser and Plaintiff from working and/or traveling together. The two employees thereafter did not have any further contact, and Plaintiff did not make any additional complaints about Prosser or any other employees.

Almost three weeks later, on May 3, 2024, Plaintiff loudly berated his co-worker, William Clay, for his (Clay's) ongoing mental health treatment. Specifically, Plaintiff called Clay a p***y for going to counseling and taking medication for his mental health. Clay submitted a written complaint against Plaintiff as a result. Several co-workers witnessed Plaintiff's conduct, and during a meeting with his supervisor about this incident, Plaintiff admitted that he used this derogatory language.

Plaintiff was terminated on the next work day, May 6, 2024, for his inappropriate harassing conduct, which was witnessed by several co-workers and affirmed by Plaintiff himself. This conduct violates both PSA's Anti-Harassment and Code of Conduct Policies. Notably, during this time, Plaintiff was still on a final written warning for his previous harassment of a PSA vendor. Plaintiff was terminated from PSA due to his own actions – multiple instances of harassment – not for any other reason.

**(2)    The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

William Clay. Mr. Clay is expected to testify regarding Plaintiff's inappropriate harassing conduct.

Cameron Tapler. Mr. Tapler is expected to testify regarding Plaintiff's complaint against Mr. Prosser.

Brent Prosser. Mr. Prosser is expected to testify regarding the events which occurred on the work trip he took with Plaintiff.

---

[1] PSA could not confirm or deny Plaintiff's allegation, as he claimed that Mr. Prosser made the alleged statement with only the two of them in a room together during a work-related trip, with no witnesses.

Logan Richardson. Ms. Richardson is expected to testify regarding Plaintiff's harassing conduct toward a PSA vendor, Plaintiff's final written warning, and Plaintiff's inappropriate and harassing conduct towards Mr. Clay.

**(3)    The names and subject matter of expert witnesses (if no expert witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered.)**

PSA has not identified any expert witness at this time, but if it does determine that an expert witness is appropriate or necessary in this case, PSA will identify that expert, along with other required information, by the deadline set by the Court.

**(4)    A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Plaintiff has alleged claims under Title VII (religious discrimination, retaliation, and harassment). In addition to relying on applicable provisions of the statute and implementing regulations, PSA may rely on case law interpreting and applying those statutes, including but not limited to, *University of Texas Southwestern Medical Center v. Nassar,* 570 U.S. 2519, 133 S. Ct. 2517, 2528 (2013); *Clark County School District v. Breeden,* 532 U.S. 268 (2001); *King v. Rumsfeld*, 328 F.3d 145, 151 n.5 (4th Cir. 2003); *Shields v. Federal Express Corp.,* 120 Fed. Appx. 956 (4th Cir. 2005); *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21-23 (1993); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502(1993); *Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981); *Young v. Lehman*, 748 F.2d 194, 198 (4th Cir.), *cert. denied*, 471 U.S. 1061 (1985); *Hill v. Lockheed Martin Logistics Management, Inc.,* 354 F.3d 277, 286 (4th Cir. 2004); *Williams v. Cerberonics*, 871 F.2d 452 (4th Cir. 1989); *Holder v. City of Raleigh*, 867 F.2d 823, 828 (4th Cir. 1989); *Hawkins v. Pepsico, Inc.,* 203 F.3d 274 (4th Cir. 2000); *Brady v. Thurston Motor Lines, Inc.,* 753 F.2d 1269, 1273 (4th Cir. 1985); *Price v. City of Charlotte*, 93 F.3d 1241, 1250-57 (4th Cir. 1996); *Bryant v. Aiken Reg'l Med. Ctrs. Inc.,* 333 F.3d 536, 546-547 (4th Cir. 2003); *Kolstad v. American Dental*

*Ass'n,* 527 U.S. 526, 119 S. Ct. 2118 (1999). Defendant reserves the right to assert additional defenses that may be uncovered through discovery.

**(5)    Absent instructions from the assigned judge, the parties shall propose dates for the deadlines listed in the Local Civil Rule 16.02:**

    **(a)    Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and**

    **(b)    Completion of discovery.**

The parties agree with the deadlines set by the Court for the exchange of expert reports and the close of discovery.

**(6)    The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.** *See generally* **Local Civil Rule 16.02(C) (Content of Scheduling Order).**

PSA is not aware of any special circumstances that would affect the time frames set forth in the scheduling order.

**(7)    The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Rule 16.01) or otherwise requested by the assigned judge.**

PSA is not aware of any additional information that should be provided at this time.

Dated this 10th day of January 2025.

                                          Respectfully submitted,

                                          s/ *Chandler E. Aragona*
                                          Richard J. Morgan (Fed. ID No. 1266)
                                          rmorgan@burr.com
                                          Chandler E. Aragona (Fed. ID No. 13561)
                                          caragona@burr.com
                                          Burr & Forman LLP
                                          1221 Main St., Suite 1800 (29201)
                                          P.O. Box 11390 (29211)
                                          Columbia, South Carolina
                                          803.799.9800

                                          Attorneys for Defendant